## MIKOLAJCZYK v. MIKOLAJCZYK.

[No. 12,147. Filed April 22, 1925. Rehearing denied June 12, 1925. Transfer denied October 8, 1925.]

From Lake Superior Court; *Maurice E. Crites*, Judge.

Suit by Walter Mikolajczyk against Lucy Mikolajczyk. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the second division.

*D. P. Sevald* and *Fred Barnett*, for appellant.

Per Curiam.—Action by appellee for divorce on the grounds of adultery and cruel treatment, to which the appellant replied by general denial; she also filed a cross-complaint, charging cruel and inhuman treatment and nonsupport, in which she asked for a "limited divorce" for the period of three years; this cross-complaint was answered by a general denial. A trial resulted in a finding for the plaintiff on the issues tendered by his complaint, and a finding against the defendant on the issues tendered by her cross-complaint. From a decree granting a divorce to plaintiff, defendant has appealed and has assigned as error the action of the court in overruling her motion for a new trial.

The appellant first contends that the evidence shows both parties to have been guilty of marital wrongs and that therefore neither was entitled to a divorce. This contention, as to its

validity, depends upon the credibility of the testimony given. If the court believed, as it evidently did, the testimony of appellee, and did not believe the testimony of appellant, the decree, so far as the above contention is concerned, was right.

It is next contended that the appellee was not entitled to a decree because, it is insisted, the offense of adultery was by him condoned. On oral argument, it was insisted that the appellee, while testifying as a witness, had admitted living with the appellant as his wife subsequent to the time of her committing the alleged offense, with full knowledge thereof. A careful reading of all the testimony fails to disclose any such testimony as having been given by appellee. The appellant testified to such living together, but her credibility was for the trial court.

After a careful reading of all the testimony in this case, we are impressed that the decree of divorce in this case was fully justified.

Affirmed.